Amelia F. Flahive and Another, as Executors, etc., of John Henry Flahive, Deceased, Plaintiffs, *v.* Missouri, Kansas and Texas Railroad Company and Another, Defendants.

Supreme Court, Kings County, March 12, 1928.

Taxation — transfer tax — application to compel transfer of shares of stock in defendant foreign corporation which were in possession of plaintiff's testator in this State at time of his death — plaintiff has transferred stock by indorsement and corporation maintains transfer office in this State — corporation should be required to transfer stock on its books although ancillary administration has not been taken in State of domicile of corporation.

This is an application to compel the transfer of shares of stock in the defendant corporation, a Missouri corporation, which were in the possession of the plaintiff's testator, a resident of this State at the time of his death. It appears that the plaintiff has transferred the stock by indorsement and has waivers from the States of New York and Missouri. The defendant corporation, which maintains a transfer office in this State, should be required to transfer its stock on its books, although ancillary administration has not been taken in Missouri, or a certificate vesting title in plaintiff procured in the probate court in that State.

The public administrator of the State of Missouri cannot maintain an action against the corporate defendant under the facts disclosed here which would subject said defendant to a penalty in that State after it transfers the stock in question pursuant to plaintiff's demand.

Motion by plaintiffs for judgment on the pleadings.

*Connolly & Frey,* for the plaintiffs.

*Hines, Rearick, Dorr, Travis & Marshall,* for the defendants.

Callaghan, J. The question presented on the pleadings in this action has been before our courts many times and always determined adversely to the contention of the defendant. (*Norrie v. Kansas City Southern R. Co.,* 7 F. [2d] 158; *Allen v. St. Louis Southwestern R.,* Lewis, J., N. Y. L. J. Nov. 12, 1926.)

But the defendant insists that the precise point now raised has never been determined. It is said that to decide against the defendant would be to deny full faith and credit to the statutes of Missouri. The plaintiffs' testate was a resident of New York at the time of his death. He owned stock in the defendant corporation, which is a corporation of the State of Missouri. The stock is in this State, where the defendant maintains an office for transferring stock. The statutes of Missouri provide that before the stock held under such circumstances may be transferred that ancillary administration must be taken in Missouri or a certificate vesting title in the plaintiff procured from the probate court of that State. The plaintiff has transferred the stock by indorsement to another and has waivers both from the States of Missouri and New York. The contention made by the defendant was disposed of by the United States Court of Appeals for the District of Missouri in *Fairchild* v. *Lohman* (13 F. [2d] 252), where the case of *Troll* v. *Third Nat. Bank* (216 S. W. [Mo.] 922), relied upon by defendant, was clearly distinguished, and in that case, where the facts are similar to the instant case, a cross-bill filed by the public administrator, claiming the right to administer in Missouri, was stricken out. (See, also, *Norrie* v. *Lohman,* 16 F. [2d] 355.) The full faith and credit to be accorded to statutes means that such are to have the force and effect to which entitled in the home State. (*Haddock* v. *Haddock,* 201 U. S. 562, 567.) No decision of the highest court of Missouri has been brought to my attention which holds that the public administrator of that State can maintain an action against this defendant under the facts disclosed here which would subject the defendant to a penalty in that State after it transfers the stock in question pursuant to the plaintiff's demand. It can have no interest in this litigation other than to be saved the annoyance and expense of a proceeding or an action in the State of its legal domicile. The plaintiff's motion for judgment is, therefore, granted.